FILED
SUPERIOR COURT
OF GUAM

2021 AUG -6 PM 2 39

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

MELISSA P. CAMACHO, )
)
Plaintiff, )
)
vs. )
)
F. RANDALL CUNLIFFE, as Trustee of )
the Pedro R. Pangelinan Trust, aka the )
DONGO TRUST, )
)
Defendant. )

CIVIL CASE NO.: CV0046-20

**DECISION AND ORDER:**
**Defendant's Partial Motion to Dismiss the**
**Fourth Cause of Action in Plaintiff's First**
**Amended Complaint**

## I.     INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon upon Defendant F. Randall Cunliffe's ("Defendant") Partial Motion to Dismiss the Fourth Cause of Action in Plaintiff's First Amended Complaint (the "Motion").[1] Defendant is represented by Attorney Joe Razzano. Attorney Rachel Taimanao Ayuyu represents Plaintiff Melissa P. Camacho ("Plaintiff").

After reviewing the Parties' written briefs and record on file with the court, and the applicable statutes and case law, the court now issues this Decision and Order **GRANTING IN PART AND DENYING IN PART** DEFENDANT'S MOTION TO DISMISS THE FOURTH CAUSE OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT.

---

[1] Defendant is named in his capacity as Trustee of the Pedro R. Pangelinan Trust aka the Dongo Trust.

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 1 of 12

## II.    BACKGROUND

Plaintiff filed a Verified Complaint on January 21, 2020 alleging that the Defendant, while acting pursuant to his duties as trustee, breached his duty of good faith, engaged in self-dealing, exerted undue influence, failed to provide an accounting, and acted fraudulently. On March 17, 2020, Defendant brought a Partial Motion to Dismiss the Second, Fifth, Sixth, and Seventh Causes of Action in Plaintiff's Verified Complaint, arguing that those causes of action failed to state a claim for which relief could granted and failed to plead fraud with particularity and, as such, should have been dismissed. After the Plaintiff filed an Opposition and the Defendant filed a Reply to the Plaintiff's Opposition, this Court held a hearing on the matter on December 1, 2020. On March 2, 2021, the Court issued a Decision and Order granting Defendant's Motion to Dismiss the Second Cause of Action for Self-Dealing, and denying Defendant's Motion to Dismiss the Fifth, Sixth, and Seventh Causes of Action for Fraud. *Decision and Order* (Mar. 2, 2021). The Court permitted the Plaintiff to amend her Verified Complaint in order to cure the deficiencies therein. *Id.*

Plaintiff filed a First Amended Complaint on March 22, 2021 again alleging that the Defendant, acting pursuant to his duties as trustee, breached his duty of good faith, failed to provide an accounting, exerted undue influence, and acted fraudulently. The First Amended Complaint also alleges that the Defendant, as trustee, breached his duty of loyalty. With regard to Plaintiff's Fourth Cause of Action for Fraud, she alleges that sometime during the first three months of 2019, Defendant informed her that the Dongo Trust owed taxes to the Government of Guam which required the sale of trust corpus, including extremely valuable property in Urunao. *First Amended Compl.* at p. 6–7 (Mar. 22, 2021). Plaintiff alleges that Defendant, as Dongo's attorney, knew or should have known that the tax liabilities did not belong to the

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 2 of 12

Dongo Trust, or, alternatively, that monthly payments Defendant received from Guam Music Inc. for Dongo's distributions were sufficient to satisfy any taxes validly owed by the trust. *Id.* Plaintiff further alleges that Defendant represented to her that a trust accounting was being finalized and would be provided to Plaintiff, but that no accounting was ever provided. *Id.* Plaintiff contends that Defendant's acts and statements were intended to conceal and defraud her and the other beneficiaries from use and distribution of the trust assets. *Id.*

On March 30, 2021, Defendant brought this Motion pursuant to Guam Rules of Civil Procedure ("GRCP") Rules 12(b)(6) and Rule 9(b). He argues that the Fourth Cause of Action in Plaintiff's First Amended Complaint must be dismissed because Plaintiff has again failed to plead fraud with particularity and because she may not rely on "information and belief" to meet Rule 9(b) requirements. *Mot.* at p. 3 (Mar. 30, 2021). Defendant further argues that dismissal should be with prejudice because Plaintiff has now failed twice in pleading fraud. *Id.* at p. 4. In her April 27, 2021 Opposition to Defendant's Motion, Plaintiff clarifies that the fraudulent acts alleged, i.e., property distribution in violation of the trust, are known only to the Defendant, and that the Defendant's misrepresentations thereto were intended to induce Plaintiff's reliance that certain properties and monies would not be distributed for valid trust administration reasons. *Opposition* at p. 4 (Apr. 27, 2021). In Defendant's Reply to Plaintiff's Opposition, filed May 10, 2021, Defendant reiterates his argument that Plaintiff has not pled enough facts to support her fraud claim and additionally argues that Plaintiff may not use her Opposition to supply more facts in an attempt to survive dismissal. *Reply to Opp.* at p. 2 (May 10, 2021).

## III. LAW AND ANALYSIS

Guam law permits a party to move for dismissal for failure to state a claim upon which relief can be granted. GRCP 12(b)(6). In deciding such a motion, the court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 3 of 12

moving party's favor." *Taitano v. Calvo Finance Corp.* ("*Taitano I*"), 2008 Guam 12 ¶ 9 (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.* (quoting *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). "Dismissal for failure to state a claim is appropriate only 'if it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (citing *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).

Defendant asks the Court to dismiss the Fourth Cause of Action because Plaintiff has failed to meet the heightened particularity standard required to plead claims of fraud. The elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Ukau v. Wang*, 2016 Guam 26 ¶ 36. Generally, fraud claims are subject to heightened pleading standards under GRCP 9(b). *See Ukau*, 2016 Guam 26 ¶ 35. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." GRCP 9(b). Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading stage. *Taitano I*, 2008 Guam 12 ¶ 16. "Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.* (citing *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 1989)). This has been described as a "who, what, when, where, and how" requirement. *Ukau*, 2016 Guam 26 ¶ 47.

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 4 of 12

Plaintiff's First Amended Complaint alleges the following in order to establish the factual basis for her Fourth Cause of Action for fraud:

43. Plaintiff repeats and realleges all above paragraphs.

44. On or about the first three months of 2019, during the pendency of Superior Court Probate Case No. PR0124-18, Defendant informed Plaintiff that the Dongo Trust owed taxes to the government of Guam which required trust corpus to be sold and that he would proceed to sell properties, including extremely valuable property in Urunao.

45. Defendant, as Dongo's attorney, knew or should have known that the tax liabilities did not belong to the Dongo Trust.

46. Upon information and belief, Defendant received monthly payments from Guam Music, Inc. for Dongo's distributions which were sufficient to pay taxes, if they were validly owed by the Trust.

47. On or about April 2019, Defendant represented that a trust accounting was being finalized and would be provided to Plaintiff shortly. An accounting was never provided to Plaintiff since.

48. Defendant's acts and statements to Plaintiff and the other beneficiaries were intended to conceal and defraud the beneficiaries from use and distribution of trust assets to them.

49. Defendant's actions have damaged Plaintiff in an amount to be determined at trial, but no less than One Million Dollars ($1,000,000).

*First Amended Compl.* ¶¶ 43–49. Plaintiff's First Amended Complaint also includes an allegation, absent in her Verified Complaint, that "[u]pon information and belief, two or more of Dongo's properties have been sold to Attorney David Lujan for below market value." *Id.* at ¶ 19.

In her Opposition to Defendant's Motion to Dismiss, Plaintiff likens the allegations of fraud in her First Amended Complaint to those in the Fifth Cause of Action contained in her original complaint. She argues that she has cured what the Court found to be defective in that original pleading. *See Opposition* at p. 3. However, apart from the allegation that unknown properties have been sold to Attorney David Lujan and the more specific statement of the

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 5 of 12

timing of Defendant's alleged misrepresentation, none of the allegations in Plaintiff's Fourth Cause of Action for fraud provide any new facts that were absent in her original Verified Complaint. In fact, Plaintiff omits in her First Amended Complaint her initial claim that she relied on Defendant's minimal disclosure of information. *See Verified Compl.* ¶ 47.

Plaintiff alleges in her Opposition to Defendant's Motion to Dismiss that "Defendant's misrepresentation was intended to reduce [sic] Plaintiff's reliance that certain properties and monies would not be distributed to herself and the other beneficiaries because of valid trust administration" and that she was "damaged by the misrepresentation in that she is still left in the dark about certain transactions such as any payments to tax liabilities in 2019." *Opposition* at p. 4. Plaintiff also states more concisely that the fraudulent actions she is alleging Defendant performed was "property distribution in violation of the trust." *Id.* Defendant characterizes the inclusion of these averments as an attempt to survive dismissal by supplying additional facts not included in her First Amended Complaint. *See Reply to Opp.* at p. 5.

**a. Supplying Additional Facts in Opposition in an Attempt to Avoid Dismissal**

Defendant argues that the Plaintiff may not use her opposition brief to provide new facts to supplement the allegations in her First Amended Complaint in order to avoid dismissal. *Reply Brief* at p. 5. "It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (citations omitted); *Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989). A contrary approach would allow a party to unilaterally amend a complaint at will by simply raising a point in a brief. *See Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (citing *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985)). "The proper means of raising claims that have inadvertently

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 6 of 12

not been raised in the complaint is an amended complaint, not a brief in opposition to a motion to dismiss." *Sansom Committee v. Lynn*, 366 F.Supp. 1271, 1278 (E.D. Pa. 1973).

The Court agrees that the additional facts set forth in Plaintiff's Opposition may not bootstrap her fraud claim and bootstrap an otherwise deficient complaint. Because of these failures, the Court need not consider those additional facts in considering Defendant's Motion to Dismiss and her opposition thereto.

**b. Failure to Plead Fraud with Particularity**

Plaintiff's failure to plead facts alleging reliance on Defendant's misrepresentations is dispositive. Because Plaintiff has failed to plead at least one essential element of fraud in her First Amended Complaint, she cannot meet the particularity requirements of Rule 9(b). Even if Plaintiff had properly amended her complaint to include the averments she makes in her Opposition, however, she would still fail to meet the particularity requirements of Rule 9(b).

Defendant argues in both his Motion to Dismiss and his Reply to Plaintiff's Opposition that Plaintiff has failed to notify Defendant of the what, when, or how for any "acts or statements" made by Defendant that Plaintiff alleges constitute fraud. *See Mot.* at p. 3; *Reply to Opp.* at p. 3. This Court agrees with Defendant and notes that, even when considering the averments in her Opposition, Plaintiff has not provided enough facts regarding the circumstances surrounding the fraud.

For instance, Plaintiff argues in her Opposition that Defendant's "misrepresentation was intended to reduce [sic] Plaintiff's reliance that certain properties and monies would not be distributed to her and the other beneficiaries because of valid trust administration." *Opposition* at p. 4. While this sufficiently pleads the Defendant's intent to defraud, which need only be averred generally, it does not sufficiently describe how the misrepresentation was fraudulent.

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 7 of 12

Plaintiff does not aver what properties and monies were not distributed or what was done with the undistributed properties and monies. Plaintiff does aver, in her First Cause of Action for breach of good faith, that "[u]pon information and belief, [Defendant] has paid others, from the trust," *First Amend. Compl.* ¶ 29, but this pleading also fails to notify Defendant who he is alleged to have paid, when he is alleged to have paid others, and how much he is alleged to have paid.

Further, Plaintiff states in her Opposition that the fraudulent act in which Defendant engaged was a property distribution purportedly in violation of the trust. *Opposition* at p. 4. Again, however, she fails to make any allegations concerning which properties were distributed or how the distribution of those properties violated the trust. Though she does allege in her amended complaint that "[u]pon information and belief, two or more of Dongo's properties have been sold to Attorney David Lujan for below market value," *First Amend. Compl.* ¶ 19, she does not allege when or how the sale was made. Regardless of these failures, this Court noted in its prior Decision and Order that "the private sale of trust property for less than fair-market value does not, in and of itself, establish that Defendant has engaged in self-dealing or that he has acted fraudulently." *Decision and Order*, dated March 2, 2021, at p. 9.

Defendant also argues in his Motion to Dismiss that Plaintiff may not rely upon information and belief to meet the requirements of Rule 9(b). *Mot.* at p. 3. In response, Plaintiff points to this Court's acknowledgment in its previous Decision and Order that, while claims based on information and belief generally do not meet the heightened standard of particularity required under Rule 9(b), "in instances where there are relevant facts which are known only to the defendant, the pleading standard is slightly relaxed." *Decision and Order* at p. 8 (Mar. 2, 2021) (citing *Taitano I*, 2008 Guam 12 ¶ 15; *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir.

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 8 of 12

1995)). Plaintiff misinterprets the Court's acknowledgement of such limited flexibility as inviting the lower threshold in the instant case. Without addressing the Court's subsequent statement that "even where allegations concern facts particularly within a defendant's knowledge, the plaintiffs must still state a factual basis for their belief," *Decision and Order* at p. 8 (Mar. 2, 2021) (citing *Taitano I*, 2008 Guam 12 ¶ 15; *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)), Plaintiff argues that because Rule 9(b)'s requirements may be relaxed as to matters that are exclusively within the opposing party's knowledge, the Court "must apply a lower threshold of whether Defendant is given sufficient notice of his alleged fraud—i.e., the misrepresentation that the trust was liable and would use trust property to pay for tax liabilities in the first quarter of 2019 and that properties needed to be sold to satisfy those liabilities." *Opposition* at p. 4. The Court disagrees that such lowering of this standard is warranted here.

Plaintiff relies on *Rubenstein v. Neiman Marcus Group LLC*, 687 Fed.Appx. 564 (9th Cir. 2017), for the proposition that even in jurisdictions applying a heightened *Twombly* test or plausibility test, complaints are not dismissed "where there are enough facts to raise a reasonable expectation that discovery will reveal evidence to support the claims." *Opposition* at p. 4. However, the facts of *Rubenstein* are distinguishable from those in Plaintiff's case. In *Rubenstein*, the 9th Circuit held that the plaintiff's allegations regarding the fictitious nature of "compared to" prices attached to goods were properly based on information and belief prior to discovery where the plaintiff otherwise pled with sufficient particularity the "who, what, when, where, and how" of the defendant's alleged misconduct. *Rubenstein v. Neiman Marcus Group LLC*, 687 Fed.Appx. 564, 567-568 (9th Cir. 2017). Significantly, the plaintiff alleged that she actually purchased products containing the "compared to" price tags from a specific store on a specific date. The plaintiff in *Rubenstein* pled actual reliance and economic injury.

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 9 of 12

Even if the Court considers the averments in her Opposition to supplement the fraud claim (which the Court does not), Plaintiff here has failed to plead justifiable reliance on Defendant's alleged misrepresentations and any damages resulting from that reliance with sufficient particularity. While discovery may reveal that the trust did not actually owe any taxes, or that trust property did not have to be sold to pay any validly owed taxes, or that Defendant actually has sold trust property, discovery will not help Plaintiff plead with more particularity the reliance element of her fraud claim. Indeed, it appears that the Plaintiff would find herself in the same position regardless of the truth of Defendant's "acts and statements."

In her Opposition, Plaintiff claims that she "relied on Defendant's misrepresentation because of his position of trust as a trustee and lawyer for her father" and that she was "damaged by the misrepresentation in that she is still left in the dark about certain transactions such as any payments to tax liabilities in 2019." *Opposition* at p. 4. However, Plaintiff fails to describe with particularity what her reliance was or how she would have responded any differently had Defendant not made any such alleged misrepresentation. Moreover, she fails to allege facts which establish Defendant's intent to defraud in order to induce such reliance. Thus, she fails to satisfy the third and fourth prongs of the elements of fraud as defined in *Hemlani v. Flaherty,* 2003 Guam 17 ¶9 ("The elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages.")(citing *Transpacific Export Co. v. Oka Towers Corp.,* 2000 Guam 3 ¶ 23)). Consequently, this Court finds that Plaintiff has failed to plead facts sufficient to allege a viable claim for fraud, specifically failing to aver facts establishing justifiable reliance on Defendant's misrepresentations and an intent by Defendant to induce such justifiable reliance.

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 10 of 12

## c. Dismissal With or Without Prejudice.

Having found that the Fourth Cause of Action in Plaintiff's First Amended Complaint was not properly pleaded even when considering the averments improperly made in Plaintiff's Opposition, the Court must now determine whether dismissal with prejudice is appropriate.

Under Guam law, leave to amend should be liberally granted. *Arashi & Co. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16 (citing *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962)). However, *Foman* directs courts to review whether certain factors are present which may mitigate against leave to amend, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Arashi & Co. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16. "[T]he court has particularly broad discretion to deny leave to amend if a plaintiff has previously amended the complaint." *Hardman v. Gov't of Guam*, No. CIV. 10-00010, 2011 WL 4901162, at *3 (D. Guam Oct. 14, 2011).

In arguing that the Fourth Cause of Action for fraud should be dismissed with prejudice, Defendant emphasizes that "Plaintiff's repeated failure in asserting her fraud claim demonstrates that she does not have any facts that could support any claim for fraud." *Mot.* p. 4. However, Plaintiff's rationale for such failure is that, without an accounting of the trust assets (which she submits Defendant has repeatedly refused her demands to provide), she is only able to allege such facts "upon information and belief." In support of its motion to dismiss the Amended Complaint with prejudice, Defendant cites to the unreported California case of *Young v. World Savings Bank, FSB*, 2011 WL 3298957 (S.D. Ca. 2011). However, assuming

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 11 of 12

the Court found that case to be instructive, the court therein dismissed the complaint at issue *without* prejudice.

It is important to note that the Court has analyzed Defendant's motion to dismiss Plaintiff's fraud claim under the law governing pleading fraud, in general, with particularity. However, as this Court recognized in its earlier *Decision and Order*, "under 18 GCA § 65307, any violation of the Trustee's duties as articulated by [Chapter 65, Title 18, Guam Code Annotated] *constitute[s] a fraud on behalf of the Trustee.*" *Decision and Order* at p. 8 (March 2, 2021)(emphasis added). Thus, while this Court finds that Plaintiff has failed to plead fraud, in general, with the requisite particularity, it has not addressed any claim of fraud pursuant to this statute as Plaintiff has advanced no claim in its First Amended Complaint pursuant to 18 GCA § 65207.

## IV.    CONCLUSION

For the reasons set forth herein, the Court hereby **GRANTS** Defendant's Partial Motion to Dismiss the Fourth Cause of Action in Plaintiff's First Amended Complaint, but **DENIES** dismissing such claim with prejudice and dismisses Plaintiff's Fifth Cause of Action in her Amended Complaint **WITHOUT PREJUDICE.**[2]

**SO ORDERED** this _____ AUG 06 2021 _____.

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
_RA ZI AU O_
_AY U YU_
Date:_____Time:_8/4/2/_

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

[2] Plaintiff has not sought leave to further amend the Complaint and, therefore, the Court does not permit any such amendment absent consideration of such a request by a duly noticed motion to permit such amendment which complies with the Guam Rules of Civil Procedure.

*Decision and Order Re. Defendant's Partial*
*Motion to Dismiss the Fourth Cause of Action,*
Civil Case No. CV0046-20; Page 12 of 12